UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS L. ROBINSON,

        Petitioner,

vs.

WARDEN,

        Respondent.

No. C 14-4797 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Petitioner, a California prisoner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

A jury convicted petitioner of assault on a peace officer with an assault weapon, possession of heroin for sale, being a felon in possession of a firearm, and participation in a criminal street gang. Petitioner was sentenced to 30 years in state prison.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred by denying his motion to suppress evidence; (2) it was an error not to instruct the jury on the lesser included offenses; and (3) there was insufficient evidence to support the gang enhancement. These claims are sufficient to require a response and appear exhausted.

However, petitioner also references a claim that he received ineffective assistance of counsel or the trial court erroneously denied a *Marsden* motion, but he does not present it as a distinct claim. Nor does it appear that he exhausted this claim with the highest state court.[1] The petition will be dismissed with leave to amend to provide more information regarding this claim. In amending, Petitioner should include the first three claims described above and provide more information regarding the other claim if he wishes to proceed with it also.

Petitioner will be given the opportunity to proceed in one of two ways. If the possible additional claim is not a claim, petitioner should file an amended petition containing only the exhausted claims (claims one through three) and the case will continue with those claims. If petitioner wishes to proceed with the possible additional claim and it is not exhausted, he may file a motion to stay this action pending exhaustion of the unexhausted claim in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found

---

[1] Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

2

that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines, supra*, at 277-78.

If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors. In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[2] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.[3]

## CONCLUSION

1. Within **twenty-eight days**, petitioner must inform the court of which option he

---

[2] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3

intends to follow and either file an amended petition with only the exhausted claims or a motion to stay following either the *Rhines* or *Kelly* procedures as described above.

2. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 6, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\HC.14\Robinson4797.dwlta.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS L. ROBINSON,

    Petitioner,

v.

WARDEN,

    Respondent.
                                 /

No.1:14-CV-4797 NJV

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on November 6, 2014, I served a true and correct copy of the attached placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

/s/   *Linn Van Meter*

Linn Van Meter

Administrative Law Clerk to the

Honorable Nandor J. Vadas