UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS L. ROBINSON,

        Petitioner,

vs.

WARDEN,

        Respondent.

No. C 14-4797 NJV (PR)

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

      Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner presented three claims that appear to be exhausted and he also presented an unexhausted claim regarding the trial court erroneously denying a *Marsden* motion. Petitioner was informed he could either file a motion to stay pending exhaustion or proceed only with the exhausted claims. (Doc. 8) Petitioner has filed a motion to stay. (Doc. 14.)

      The United States Supreme Court has held that the district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness

concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* at 278.   Thus, under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278.

In explanation for his failure to fully exhaust his claim in state court, Petitioner states that he was preventing from raising his claim due to his own ignorance and confusion about the law and the status of his case.  After reviewing Petitioner's claims, the court find Petitioner's explanation, although minimal, to be sufficient to meet the good cause standard discussed above. The court further finds that petitioner's unexhausted claim is potentially meritorious and that there is no indication that he intentionally delayed the resolution of his claims.  Accordingly, the court will grant a stay pursuant to *Rhines*.[1]

### CONCLUSION

1. Petitioner's motion for a stay (Docket No. 14) is **GRANTED** and this case is **STAYED** to allow petitioner to present his unexhausted claim in state court.  If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

2. Petitioner's request for documents is **DENIED** because this case is now stayed.

3. The stay is subject to the following conditions:

(1) Petitioner must file an appropriate state court pleading within 45 days from the entry of this order; and

(2) Petitioner must notify this court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip

---

[1] Petitioner is informed that the exhaustion requirement is satisfied by providing the highest state court with a full and fair opportunity to consider each claim. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: March 10, 2015.

NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CARLOS L. ROBINSON, | No. 1:14-CV-4797 NJV |
| Petitioner, | |
| v. | CERTIFICATE OF SERVICE |
| WARDEN, | |
| Respondent. | |

I, the undersigned, hereby certify that on March 10, 2015, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Carlos L. Robinson
P-15418
CALIFORNIA STATE PRISON, CORCORAN (3476)
P.O. BOX 3476
CORCORAN, CA 93212-3476

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

4